IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TERRENCE M. HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 305-54 |
| | ) |
| JOHN FASON, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant in this Title 42, United States Code, Section 1983 action has filed a motion to dismiss. Plaintiff, proceeding pro se, has submitted his response to the motion. For the reasons that follow, the Court recommends that the motion to dismiss, Doc. 14, be **GRANTED**, that judgment be **ENTERED** in favor of defendant, and that this civil action be **CLOSED**.

### I. BACKGROUND

Plaintiff, a prisoner now confined at Hays State Prison ("Hays"), was confined at Telfair State Prison ("Telfair") until November 18, 2003. While at Telfair, plaintiff claims that defendant, a dentist at Telfair, provided him with inadequate dental care. He asserts that defendant failed to perform an x-ray of his wisdom teeth, and that an x-ray of his wisdom teeth would have revealed decay in those teeth. He also claims that defendant performed an

extraction of the wrong tooth on another occasion. Plaintiff has not been under the care of defendant since his move to Hays, and plaintiff does not complain of inadequate medical treatment received while at Hays.

## II. DISCUSSION

In the "Relief" section of the complaint filed by plaintiff on April 13, 2005, he states that his

> intention in this action is not to seek monetary gain, nor waste the Court's time with frivolous or malicious claims. Plaintiff only desires to receive adequate dental care. Telfair State Prison was plagued by deficiencies in dental care. There is no preventative care offered such as the root canal procedure. Inmates are placed on waiting lists for temporary fillings that are at least a year long. Once seen, if the tooth hasn't decayed to the point where it has to be extracted, the dentist may temporarily fill your tooth. I am only thirty years old and worry everyday about losing my teeth. I am forced to walk around with three holes in three separate teeth where fillings should be . . . . One of my molars should not have been extracted . . . . Now I am in jeopardy of losing two more teeth on that side, leaving me with one to chew with . . . . There was only one dentist to service the needs of at least 1200 inmates. The Georgia Dept. of Corrections does not offer partial dentures. They say you must have all your teeth pulled in order to receive dentures. I have a lengthy sentence, and am actively fighting my conviction. Further loss of teeth will undoubtedly affect my health in the future.

Compl. at 6.

The Eleventh Circuit has recognized that, "[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred. Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." Wahl v. McIver, 773 F.2d 1169, 1173-74 (11th Cir.

2

1985) (citations omitted).

From the face of plaintiff's complaint, the relief he seeks in this action is injunctive in nature: he "only desires to receive adequate dental care." Because plaintiff is no longer housed at the facility where he alleges that defendant provided inadequate dental care, and because he alleges no inadequacy in the dental care he is now receiving, his claim for injunctive relief is moot.

### III. CONCLUSION

For the foregoing reasons, the Court finds that defendant's motion to dismiss should be **GRANTED**. Plaintiff's complaint should accordingly be **DISMISSED**, this civil action **CLOSED**, and judgment **ENTERED** in favor of defendant.

SO REPORTED and RECOMMENDED this _____ day of January, 2006, at Augusta, Georgia.

```
                                W. LEON BARFIELD
                                UNITED STATES MAGISTRATE JUDGE
```